# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-215V
Filed: October 3, 2014
Not for Publication

```
*************************************
MELODIE ROSE, on Behalf of Her Minor   *
Child, A.R.,                           *
                                       *
            Petitioner,                *      Interim attorneys' fees and costs decision
                                       *      based on stipulation of fact
 v.                                    *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
                                       *
*************************************
```

Andrew D. Downing, Phoenix, AZ, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 3, 2014, the parties filed a stipulation of fact in which they agreed on an appropriate amount for interim attorneys' fees and costs in this case.

On October 2, 2014, petitioner filed an Interim Application for Fees and Costs, requesting $12,714.72 in interim attorneys' fees and costs. In accordance with the General Order #9 requirement, petitioner's counsel asserts that petitioner has not incurred any costs to this point.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

During informal discussions, respondent raised objections to certain items in petitioner's application, including the interim fees motion based on Avera v. Sec'y of HHS, 515 F.3d 1343 (Fed. Cir. 2008), the reasonable basis for continuing the petition, and the attorney hourly rates sought. Based on these objections, petitioner amends her application for interim attorneys' fees and costs to $12,000.00. Respondent does not object to this amount. The undersigned finds this amount to be reasonable. The undersigned's law clerk contacted respondent's counsel, who confirmed that respondent does not object to an interim award of fees and costs.

Accordingly, the court awards:

a. **$4,970.70**, representing reimbursement for interim attorneys' fees and costs. The award shall be in the form of a check payable jointly to Melodie Rose, Andrew Downing, and Rhodes Hieronymus, Jones, Tucker & Gable in the amount of **$4,970.70**;

b. **$4,443.24**, representing reimbursement for interim attorneys' fees and costs. The award shall be in the form of a check payable jointly to Melodie Rose, Andrew Downing, and Hennelly & Steadman in the amount of **$4,443.24**; and

c. **$2,586.06**, representing reimbursement for interim attorneys' fees and costs. The award shall be in the form of a check payable jointly to Melodie Rose, Andrew Downing, and Van Cott & Talamante in the amount of **$2,586.06**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: October 3, 2014                                                      s/ Laura D. Millman
                                                                                        Laura D. Millman
                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.